FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2012 NOV 13  AM 9: 16

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# UNITED STATES DISTRICT COURT
## United States District Court for the District of Colorado

Wade A. Williams
    Plaintiff,

                          Case No.     1:2012-cv-02844 -REB-MEH

-v-

Midland Funding, LLC
Midland Credit Management, Inc
Encore Capital Group, Inc
E*TRADE Bank,
    Defendants.

## FIRST AMMENDED COMPLAINT

Plaintiff, Wade A. Williams, hereby sues Defendant, Midland Funding, LLC, a California

corporation; Midland Credit Management, Inc., a California corporation; Encore Capital Group,

Inc., a California corporation; and E*TRADE Bank, a Virginia Corporation; and alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages brought for damages for violations of the Fair Debt

    Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; for damages for

    violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., and for

    damages for violations of the Colorado Fair Debt Collection Practices Act

    (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101)

    et seq.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $10,000.00.

5. Plaintiff, Wade A. Williams, is a natural person and is a resident of the State of Colorado.

6. Upon information and belief, at all relevant times, Midland Funding, LLC ("MF") was a corporation doing business in the State of California and with the principle place of business in San Diego, California. MF is a debt collector within the meaning of 15 U.S.C. § 1692a(6), a collection agency within the meaning of 15 U.S.C. §1681, and a collection agency within the meaning of CFDCPA, 12-14-103(2)(a). MF is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

7. Upon information and belief, at all relevant times, Midland Credit Management, Inc. ("MCM") was a corporation doing business in the State of California and with the principle place of business in San Diego, California. MCM is a debt collector within the meaning of 15 U.S.C. § 1692a(6), a collection agency within the meaning of 15 U.S.C. §1681, and a collection agency within the meaning of CFDCPA, 12-14-103(2)(a).

8. Upon information and belief, at all relevant times, Encore Capital Group, Inc. ("ECG") was a corporation doing business in the State of California and with the

principle place of business in San Diego, California. ECG is the parent company of MCM and MF. ECG is a debt collector within the meaning of 15 U.S.C. § 1692a(6), a collection agency within the meaning of 15 U.S.C. §1681, and a collection agency within the meaning of CFDCPA, 12-14-103(2)(a).

9.  Upon information and belief, E*TRADE Bank (E*TRADE) is, and at all relevant times mentioned herein was, a federally-chartered banking subsidiary of E*TRADE Financial Corporation with its principal place of business in Arlington, Virginia. E*TRADE Bank may be served with process through its President, Peter Knitzer at 671 North Glebe Road, 16th Floor, Arlington, VA 22203. E*TRADE is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

10. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

11. On or about March 28th, 2010; May 20th, 2010; June 6th, 2010; July 8th, 2010; August 22nd 2010; and October 15th, 2010, Plaintiff received presentments in the mail from MCM alleging a non-existent E*Trade debt.

12. The Defendant's representations stated in their presentments listed in paragraph 11 were false and were false representations in connection with the collection of a debt, the Account.

13. Within 30 days of receiving all presentments listed in paragraph 11, Plaintiff sent MCM a demand for validation via US Certified Mail that stated the account was in

dispute. As of the filing date of this complaint, Williams has not received validation of this alleged debt.

14. On or about July, 7th, 2012 Plaintiff reviewed his credit reports at TransUnion, Equifax and Experian and noticed MCM and E*TRADE were listed on the three credit reports.

15. On or about July 2nd, 2012, Plaintiff disputed the MCM and E*TRADE alleged debts with all three major credit reporting agencies. All three credit reporting agencies claimed to have verified the debt.

16. On or about July 19th, 2012 Plaintiff sent MCM a notice of pending lawsuit as an attempt to settle this issue without resorting to litigation. Plaintiff has yet to receive a response with a firm offer to mitigate.

17. On or about September 27th, 2012 Plaintiff reviewed his credit reports at TransUnion, Equifax and Experian and noticed MCM and E*TRADE were still listed on the three credit reports.

18. On or about September 27th, 2012 Plaintiff sent MCM a notice of intent to sue as a second attempt to settle this issue without resorting to litigation. Plaintiff MCM has yet to receive a response with a firm offer to mitigate.

19. When MCM and E*TRADE are demanded during Discovery of this case to produce validation of this account, Plaintiff will show that MCM not E*TRADE could not have validated account in compliance with FDCPA and CFDCPA.

20. When MCM and E*TRADE are demanded during Discovery of this case to produce validation of this account Plaintiff will show that MCM and E*TRADE could not

have validated account in compliance with common case law related to debt validation.

21. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in Plaintiff's favor."

22. The alleged debt is a consumer debt: a debt that Williams allegedly incurred on a personal credit card.

23. Williams disputes the validity of the debt and the validity of the defendants' claims regarding the alleged debt.

24. Although the purported debt allegedly was with E*TRADE Bank, Plaintiff is informed and believes that E*TRADE may no longer has any interest in the alleged debt.

25. Defendants are collecting debts in Colorado.

26. Plaintiff contends that the illegal actions of Defendants MCM, MF, ECG and E*TRADE have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY DEFENDANTS MF, MCM and ECG**

27. Paragraphs 1 through 26 are realleged as though fully set forth herein.

28. Plaintiff is a consumer within the meaning of the Fair Debt Collection Practices Act
(FDCPA) 15 U.S.C. §1692.

29. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C.
§1692a(6).

30. Defendants violated the FDCPA. Defendant's violations include, but are not limited
to, the following:

(a) Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character,
amount, or legal status of any debt.

(b) Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to
communicate to any person credit information which is known or which should be
known to be false, including the failure to communicate that a disputed debt is
disputed.

(c) Defendants violated 15 U.S.C. §1692e(10) by the use of any false representation
or deceptive means to collect or attempt to collect any debt or to obtain
information concerning a consumer.

(d) Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount
(including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANTS
## MF, MCM, ECG and E*TRADE

31. Paragraphs 1 through 26 are realleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

33. Defendants MCM and E*TRADE are a furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

34. Defendant MCM and E*TRADE willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendant MCM and E*TRADE willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendant MCM willfully violated 15U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendant MCM willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendant MCM and E*TRADE willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY MF, MCM, ECG and E*TRADE

35. Paragraphs 1 through 26 are realleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

37. Defendant MCM and E*TRADE are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

38. Defendants negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendant MCM and E*TRADE negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to

furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendant MCM negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendant MCM negligently violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendant MCM and E*TRADE negligently violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

## COUNT IV
### VIOLATIONS OF COLORADO FAIR DEBT COLLECTION PRACTICES ACT (CFDCPA), (C.R.S. § 12-14-109(2)) BY MF, MCM, and ECG

39. Paragraphs 1 through 25 are realleged as though fully set forth herein

40. The CFDCPA mandates that if a consumer notifies a collection agency in writing within thirty days that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the collection agency must cease collection of the debt until the collection agency obtains verification of the debt or a copy of the judgment or the name and address of the original creditor and mails a copy of such verification or judgment or name and address of the original creditor to the consumer.

41. Defendants have violated and continue to violate C.R.S. § 12-14-109(2) by failing to provide a verification in accordance with the statute.

42. As a result of Defendants' violations of the CFDCPA, the Plaintiff is entitled to injunctive relief preliminarily and permanently restraining Defendants, and their officers, directors, agents, servants, employees, attorneys, heirs, successors, and assigns, from engaging, directly or indirectly, in consumer debt collection against Plaintiff or otherwise acting as a collection agency against Plaintiff without a license or otherwise committing any of the acts, conduct, transactions, or violations described above, or otherwise violating the CFDCPA, C.R.S. § 12-14-135.

## RESPONDEAT SUPERIOR

43. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

44. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

45. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

46. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

47. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

48. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

49. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

50. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual or

statutory damages, and attorney's fees and costs, pursuant to15 U.S.C. §1692k, 15 U.S.C.

§1681o, 15 U.S.C. §1681n and COLORADO REVISED STATUTE TITLE 12,

ARTICLE 14, SECTION 101.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

Wade A. Williams
13843 Fairfax Street
Thornton, Co 80602
(720) 515-9233