IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.        12-cv-02844-REB-MEH

WADE A. WILLIAMS,

      Plaintiff,

v.

MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC., and
ENCORE CAPITAL GROUP, INC.,

      Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 16(b) conference was held on January 15, 2013.

Wade Williams (720) 515-9233

Joseph J. Lico, Esq., represents the Defendants.
Adam L. Plotkin, P.C.
621 17th Street, Suite 1800
Denver, CO 80293
(303) 296-3566

## 2. STATEMENT OF JURISDICTION

The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k.

The court has supplemental jurisdiction over state law claims.

Venue is proper in this District pursuant to 28 U.S.C. §1391b.

## 3. STATEMENT OF CLAIMS AND DEFENSES

      a.        Plaintiff(s): Wade A. Williams

1

Plaintiff claims Defends violated his rights that are protected by Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., the Colorado Fair Debt Collection Practices Act (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq. The Plaintiff filed this case to seek damages for these violations.

Plaintiff claims Defendants through their illegal collection tactics violated the FDCPA and CFDCPA. Defendants also are reporting the alleged account on Plaintiff's consumer credit report from Experian, Equifax and TransUnion. The Defendants are reporting erroneous information that has damaged Plaintiff's credit score and violated the FCRA.

      b.     Defendant(s):   Midland Funding, LLC
                                    Midland Credit Management, Inc.
                                    Encore Capital Group, Inc.

The Defendants deny Plaintiff's claims that it violated the Fair Debt Collection Practices Act, Colorado Fair Debt Collection Practices Act and the Fair Credit Reporting Act. The Defendants also deny Plaintiff's claims that it caused any injury or damage to the Plaintiff. The Defendants asserted various defenses in its Answer and Defenses to the Complaint, which it incorporates by reference.

      c.     Other Parties:  None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      This Court has Jurisdiction pursuant to 15 U.S.C. §1681p and 15 U.S.C. § 1692k(d).

2.      Venue is proper in the District of Colorado.

3.      The Plaintiff is a natural person.

## 5.  COMPUTATION OF DAMAGES

Plaintiff is seeking $1000 per Defendant for violations of the FDCPA.  Plaintiff seeks statutory damages of $1000 per month per from each defendant for violations of the FCRA on each credit report (Experian, Equifax, and TransUnion) for over two years. This is 3 credit reports X 24months = $72,000 per defendant.  Plaintiff is also seeking $1000 per defendant for violations of the Colorado Fair Debt Collection Practices Act.  Total Plaintiff is seeking is $74,000 per defendant.

Defendant:  Defendant is not seeking any damages, but reserves the right to seek its costs and attorneys' fees, as applicable.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      Date of Rule 26(f) meeting:  December 10, 2012

b.      Names of each participant and party he/she represented.

Wade Williams – Pro Se

Joseph J. Lico, Esq. represented the Defendant.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The mandatory disclosures pursuant to Rule 26(a)(1) will be made by the Plaintiff by , January 15, 2013.

The mandatory disclosures pursuant to Rule 26(a)(1) will be made by the Defendant by January 15, 2013.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): See section 6c above.

e.      Statement concerning any agreements to conduct informal discovery:

None.

f.       Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system.

g.       Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff states that most, if not all of his claims will involve extensive electronically stored information and that a substantial amount of disclosure and discovery will involve information and records maintained by defendant and the original creditor in electronic form.

As this is a FDCPA, CFDCPA and FCRA case, Defendant disagrees with Plaintiff's assessment and believes there will be little discovery and minimal electronically stored information.

h.       Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Settlement discussions are ongoing between Plaintiff and counsel for Defendant.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.       Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

3 depositions per side including experts, 15 interrogatories per side.

b.       Limitations which any party proposes on the length of depositions.

7 hours per deposition.

c.       Limitations which any party proposes on the number of requests for production and/or requests for admission.

4

10 Requests for Production per side, 10 Requests for Admissions per side.

d.     Other Planning or Discovery Orders

None.

### 9.  CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings:

February 1, 2013.

b.     Discovery Cut-off:

May 3, 2013

c.     Dispositive Motion Deadline:

June 7, 2013

d.     Expert Witness Disclosure

(1)     State anticipated fields of expert testimony, if any.

Plaintiff: None

Defendant: None

(2)     State any limitations proposed on the use or number of expert witnesses.

Two Experts per side, including any rebuttal experts.

(3)     The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed.  R. Civ.  P.  26(a)(2) on or before:

March 8, 2013

(4)     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

March 29, 2013

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties

5

unless the stipulation is approved by the court.

    e.       Identification of Persons to Be Deposed:

Agent for Original Creditor

By Defendant:  Plaintiff.

    f.       Deadline for Interrogatories:

March 31, 2013.

    g.       Deadline for Requests for Production of Documents and/or Admissions

March 31, 2013.

## 10.  DATES FOR FURTHER CONFERENCES

    a.       Status conferences will be held in this case at the following dates and times:

_____.

    b.       A final pretrial conference will be held in this case by the judge assigned to try the case.

## 11.  OTHER SCHEDULING MATTERS

    a.       Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

        None.

    b.       Anticipated length of trial and whether trial is to the court or jury.

Jury Trial – 2 days

    c.       Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 17th day of January, 2013.

BY THE COURT:

S/Michael E. Hegarty
U.S. Magistrate Judge

APPROVED:

s/ Joseph J. Lico
Joseph J. Lico, Esq.                                   Wade A. Williams
Adam L. Plotkin, PC
621 17th Street, Suite 1800
Denver, CO 80293
(303) 296-3566
Attorney(s) for the Defendant

7