IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02844-REB-MEH

WADE A. WILLIAMS,

      Plaintiff,

v.

MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC., and
ENCORE CAPITAL GROUP, INC.,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 27, 2013.**

      Plaintiff's Motion and Brief to Deem Facts Admitted as Against Midland Funding, LLC for Failure to Comply with Fed. R. Civ. P. 36 [filed February 26, 2013; docket #17] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A, which states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added).  The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A.  *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).