## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-02844-REB-MEH

WADE A. WILLIAMS,

Plaintiff,

v.

MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
E*TRADE BANK,

Defendants.

---

## DEFENDANTS MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S, MOTION FOR SUMMARY JUDGMENT

---

COMES NOW Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc., (collectively "Defendants"), by and through their counsel of record, and for their Motion for Summary Judgment ("Motion"), states as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1A, the undersigned believes conferral with Plaintiff on a Motion for Summary Judgment would be pointless as Plaintiff does not believe this case should be dismissed.

### INTRODUCTION

Plaintiff filed a Complaint in this matter on October 26, 2012. See, Docket No. 1. Plaintiff then filed a First Amended Complaint on November 13, 2012. See, Docket No. 5. Plaintiff's Amended Complaint alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. §§1692e(2), e(8), (10) and f(1) − Count I; violated the

Fair Credit Reporting Act ("FCRA"), specifically, 15 U.S.C. §1681s-2(b)(1)(A), §1681s-2(b)(B) [sic], and §1681s-2(b)(C) [sic] – Counts II and III, as well as the Colorado Fair Debt Collection Practices Act ("CFDCPA"), specifically, C.R.S. §12-14-109(2) – Count IV.   <u>See</u>, Plaintiff's Amended Complaint.

## <u>STANDARD OF REVIEW</u>

Summary judgment under Fed.R.Civ.P. 56 is appropriate when "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). In applying the standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." <u>Atlantic Richfield v. Farm Credit Bank</u>, 226 F. 3d 1138, 1148 (10th Cir. 2000)(quoting <u>Martin v. Kansas</u>, 190 F.3d 1120, 1129 (10th Cir. 1999)). However, under Rule 56, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

Summary Judgment under Rule 56 is regarded "as an integral part of the Federal Rules" and is designed "'to secure the just, speedy, and inexpensive determination of every action.'" <u>Celotex Corp.</u>, 477 U.S. at 327.   Thus, Rule 56 must be construed with due regard not only for the rights of persons asserting claims that are adequately based in fact, but also for the rights of entities opposing such claims to demonstrate prior to trial that the claims have no basis. <u>See</u>, <u>Id</u>. No longer may a Plaintiff avoid summary judgment by presenting a "merely colorable" claim or "a scintilla" of evidence. <u>See</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 250-251. Rather, in

the face of a properly supported motion for summary judgment, the Plaintiff must offer significant probative evidence tending to support the complaint. See, Id. at 2514. 477 U.S. at 256, 106 S.Ct. at 2514.

## MOVANT'S STATEMENT OF MATERIAL FACTS

1.  Defendant Encore Capital Group ("Encore") is the parent corporation of Defendant Midland Funding, LLC, ("MF") and Defendant Midland Credit Management, Inc., ("MCM"). See, Declaration of John Moreno, ¶3, attached hereto as **Exhibit A**.

2.  Encore is not involved with the purchase or collection of debt and is not a debt collector as defined in 15 U.S.C. §1692a(6).   See, Declaration of John Moreno, ¶4, attached hereto as **Exhibit A**.

3.  Plaintiff has no evidence that Encore is a debt collector.   See, Deposition Transcript of Plaintiff, attached hereto as **Exhibit C**, page 77 lines 12-23.

4.  MF is not involved with the collection of debt and is not a debt collector as defined in 15 U.S.C. §1692a(6).   See, Declaration of John Moreno, ¶5, attached hereto as **Exhibit A**.

5.  Plaintiff has no evidence that MF is a debt collector.   See, Deposition Transcript of Plaintiff, attached hereto as **Exhibit C**, page 77 lines 7-11.

6.  MF purchased Plaintiff's account ("Account") as part of a bulk sale from Chase Bank, USA, N.A., on March 10, 2010.   See, Declaration of John Moreno, ¶6 and Bill of Sale, attached hereto as **Exhibit B**.

7.  MF assigned the Account to MCM for collection in March 2010.   See, Declaration of John Moreno, ¶7.

8.  Plaintiff denies the Account as his and cannot say what purchases were made and for what purpose.   See, Deposition Transcript of Plaintiff, attached hereto as **Exhibit C**, page 28

lines 13-17; page 29 lines 8-10; page 31 lines 14-19; page 43 lines 3-19; page 44 lines 18-22; page 51 lines 3-5; pages 81-82 lines 23-1.

9.    In response to a request for validation from Plaintiff on August 16, 2010, MCM mailed a copy of Plaintiff's Media to Plaintiff on August 16, 2010.  See, Declaration of John Moreno, ¶8 and Account Notes, attached hereto as **Exhibit E**.

10.   On April 12, 2011, a dispute was received through the E-Oscar system alleging not aware of collection and the Account was verified by verifying Plaintiff's name, address, social security number, dates of transaction and balance.  See, Declaration of John Moreno, ¶9 and Account Notes, attached hereto as **Exhibit E**.

11.   On September 15, 2011, a dispute was received through the E-Oscar system alleging inaccurate information and the Account was verified by verifying Plaintiff's name, address, social security number, dates of transaction and balance.  See, Declaration of John Moreno, ¶10 and Account Notes, attached hereto as **Exhibit E**.

12.   On September 17, 2011, a dispute was received through the E-Oscar system alleging inaccurate information and the Account was verified by verifying Plaintiff's name, address, social security number, dates of transaction and balance.  See, Declaration of John Moreno, ¶11 and Account Notes, attached hereto as **Exhibit E**.

13. On September 24, 2011, a dispute was received through the E-Oscar system alleging inaccurate information and the Account was verified by verifying Plaintiff's name, address, social security number, dates of transaction and balance.  See, Declaration of John Moreno, ¶12 and Account Notes, attached hereto as **Exhibit E**.

14. On November 2, 2011, a dispute was received through the E-Oscar system alleging inaccurate information and the Account was verified by verifying Plaintiff's name, address,

social security number, dates of transaction and balance.  <u>See</u>, Declaration of John Moreno, ¶13 and Account Notes, attached hereto as **Exhibit E**.

15. On July 11, 2012, a dispute was received through the E-Oscar system alleging inaccurate information and the Account was verified by verifying Plaintiff's name, address, social security number, dates of transaction and balance.  <u>See</u>, Declaration of John Moreno, ¶14 and Account Notes, attached hereto as **Exhibit E**.

16. On July 12, 2012, a dispute was received through the E-Oscar system alleging inaccurate information and the Account was verified by verifying Plaintiff's name, address, social security number, dates of transaction and balance.  <u>See</u>, Declaration of John Moreno, ¶15 and Account Notes, attached hereto as **Exhibit E**.

17. All three credit agencies informed Plaintiff the debt was verified.  <u>See</u>, Amended Complaint, Docket No. 5, ¶15.

18. Plaintiff sent MCM a letter dated July 2, 2012, admitting MCM validated the accounts with the credit reporting agencies.  <u>See</u>, July 2, 2012, Letter, attached hereto as **Exhibit D**.

19. In response to each dispute identified above, MCM conducted an investigation with respect to the disputed information including review of all material provided by the credit reporting agencies.  <u>See</u>, Declaration of John Moreno, ¶16.

20. As a result of the investigations into Plaintiff's disputes listed above, no incomplete or inaccurate information was discovered.  <u>See</u>, Declaration of John Moreno, ¶16.

21. The results of MCM's investigation into Plaintiff's disputes listed above were reported to the credit reporting agencies.  <u>See</u>, Declaration of John Moreno, ¶17.

22. Plaintiff has no proof that an MCM failed to conduct an investigation.  <u>See</u>, **Exhibit C**, page 91 lines 12-15.

23.  MCM reviewed all relevant information provided to it from the credit bureaus surrounding the disputes listed above.  <u>See</u>, Declaration of John Moreno, ¶16.

24. The credit bureaus informed Plaintiff the Account had been verified.  <u>See</u>, **Exhibit C**, pages 74-75 lines 25-5.

25.  MCM reported the results of each investigation for all the disputes listed above to the credit reporting agency.  <u>See</u>, Declaration of John Moreno, ¶17.

26. Plaintiff's Account was properly marked as disputed with all three credit bureaus.  <u>See</u>, **Exhibit C**, page 64 lines 17-20; page 66 lines 11-15; page 68 lines 2-7; pages 69 lines 20-25.

27. Plaintiff agreed to withdraw his allegations under 15 U.S.C. §1681s-2(a)(3) for Counts II and III.  <u>See</u>, **Exhibit C**, page 89 lines 19-24; page 99 lines 12-14.

## ARGUMENT

### A.    MCM Conducted an Investigation of the Account

Plaintiff asserts that MCM (and all Defendants) is (are) liable for the conduct alleged in his Amended Complaint pursuant to Sections 1681s-2(b)(1)(A), 1681s-2(b)(B) [sic], and 1681s-2(b)(C) [sic] of the FCRA.  To prove a FCRA violation, the plaintiff must show that after a dispute the defendants failed to

> (1) investigate the disputed information; (2) review all relevant information provided by the credit reporting agencies; (3) report the results of the investigation to the credit reporting agencies; (4) report the results of the investigation to all other credit reporting agencies if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

<u>See</u>, <u>Pinson v. Equifax Credit Info. Servs., Inc.</u>, 316 F. App'x 744, 750 (10th Cir. 2009).

First, Plaintiff's factual allegations, if true, are untimely.   Plaintiff's Amended Complaint clearly states that he sent MCM a demand for validation that disputed the Account

within 30 days of letters he received from MCM.  See, Amended Complaint, Docket No. 5, ¶13. The letters allegedly received from MCM were dated March 28, 2010 – October 15, 2010.  Id., ¶11.  Plaintiff did not file his Complaint until October 24, 2012.

In July 2012, Plaintiff allegedly disputed the Account with the credit reporting agencies. Id., ¶15.  On seven (7) separate occasions MCM received a dispute through the E-Oscar system alleging unaware of collections (one time) and inaccurate information (six times).  See, Statement of Facts ("SOF"), ¶¶10-16.  On all seven (7) occasions MCM conducted an investigation, reviewed the little information provided by the credit reporting agencies and verified Plaintiff's name, address, social security number, dates of transaction and balance.  SOF, ¶¶19, 23.  As a result of the investigations, no incomplete or inaccurate information was discovered.  SOF, ¶20.  This verification was communicated to the credit reporting agencies through the E-Oscar system.  SOF, ¶21.

An investigation must be completed regarding the disputed information and must be reasonable.  See, Collins v. BAC Home Loans Servicing LP, 2012 U.S. Dist. LEXIS 176025 (D. Colo. Oct. 30, 2012).  The verification process used by MCM is reasonable.  See, Westra v. Credit Control of Pinellas, 409 F.3d 825 (7th Cir. 2005)(verification of name, address, and date of birth reasonable given scant information contained in dispute).

It is clear, Defendants reported the results of the investigation to the credit reporting agencies as Plaintiff was informed by the credit reporting agencies the debt was validated.  SOF, ¶24 and ¶25.  Plaintiff confirmed all three credit reporting agencies verified the debt.  SOF, ¶17. In further support of MCM validating the debt, in July 2012, Plaintiff sent MCM a letter regarding the Account that acknowledges MCM validated the Account.  See, July 2, 2012, Letter, attached hereto as **Exhibit D**, SOF, ¶18.

In addition to the letter, during his deposition, Plaintiff further admitted he was told by the credit bureaus an investigation was completed by Defendants.  SOF, ¶24.  Conversely, Plaintiff has no proof that Defendants did not complete an investigation.  SOF, ¶22.

    **Q.**    Okay.  But as far as you've been told from the credit bureaus, it was validated, correct?

    **A.**    That's what they said.

    **Q.**    Doesn't that, then equate to an investigation being done as the debt was validated to the credit bureaus?

    **A.**    If they always told the truth, yes.

See, Transcript of Plaintiff's Deposition, pgs. 90-91, lines 24-6, attached hereto as **Exhibit C**.

    **Q.**    Do you have any proof that no investigation was done?

    **A.**    I have no proof that no investigation was done.

    **Q.**    You can't prove that Midland did not do an investigation?

    **A.**    No, I can't prove that they did or didn't.

See, Transcript of Plaintiff's Deposition, pg. 91, lines 12-19, attached hereto as **Exhibit C**.

Further, Defendants provided the credit reporting agencies with proper updated information as Plaintiff's credit reports properly reflect the account as disputed.  SOF, ¶26. Plaintiff confirmed he has repeatedly reviewed his credit report and confirmed every time the Account was properly marked as disputed.

    **Q.**    Do you believe that on this credit report pulled 5/27/2011 that Midland Credit Management has been properly marked as disputed?

    **A.**    Yes.

See, Transcript of Plaintiff's Deposition, pg. 64, lines 17-20, attached hereto as **Exhibit C**.

    **Q.**    And just so that I can kind of get an understanding.  On that page 4, there's a date updated of 08/2011?

**A.**     Yes.

**Q.**     And, again, there's a remark "account information disputed by consumer"?

**A.**     Yes.

**Q.**     Would you agree with me, then, that pursuant to this credit report regarding the account with Midland Credit Management, it's been properly marked as disputed?

**A.**     It is marked as disputed, yes.

<u>See</u>, Transcript of Plaintiff's Deposition, pg. 66, lines 4-15, attached hereto as **Exhibit C**.

**Q.**     Would you agree that on credit report No. 3 it was pulled on July 2, 2012, regarding the account and the debt that we've been talking about that's with Midland Funding that's been properly marked as disputed?

**A.**     Yes.

<u>See</u>, Transcript of Plaintiff's Deposition, pg. 68, lines 2-7, attached hereto as **Exhibit C**.

**Q.**     So again, even though we've clarified it on this fourth credit report of March 24, 2013, referencing again Midland and the same account number, would you agree with me that it's been properly marked as disputed?

**A.**     Yes.

<u>See</u>, Transcript of Plaintiff's Deposition, pg. 69, lines 20-25, attached hereto as **Exhibit C**.

It is Plaintiff who bears the burden of showing the furnisher's investigation was unreasonable.  <u>See</u>, <u>Cousinea v. Unifund CCR Partners</u>, 10-cv-03109-CMA-KLM, 2012 U.S. Dist. 107108, *3 (D. Colo. July 21, 2012).  In this case, Plaintiff's conclusory statements that Defendants violated the FCRA are without merit.  Plaintiff provides no facts to support his conclusions and freely admits he cannot prove his allegations that Defendants failed to conduct

an investigation.  In fact, it is Plaintiff himself who provides the evidence that Defendants did investigate the Account after receiving notice of the dispute and did provide the information to the credit reporting agencies.  See, **Exhibit D**, and Amended Complaint.

In sum, Plaintiff cannot refute the facts presented by Defendant that a reasonable investigation of the relevant information was completed, the information was reported to the credit reporting agencies, and no inaccurate or incomplete information was found.  Plaintiff's FCRA claim must be dismissed with prejudice.

**B.      Plaintiff's FDCPA and CFDCPA Claims Against Defendants Fail.**

Plaintiff asserts one claim against the Defendants under the FDCPA and CFDCPA. Plaintiff cannot prove essential elements under the FDCPA and CFDCPA, namely that the debt in question is a debt as defined under the FDCPA.

**1.  Plaintiff's Claim Under 15 U.S.C. §§ 1692e(2), 1692e(8), 1692e(10) and § 1692(f)(1) and C.R.S. 12-14-109(2) Fail As A Matter Of Law.**

Plaintiff asserts claim against Defendants for violating Sections 1692 e(2), e(8), e(10) and f(1) of the FDCPA, which provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2)  The false representation of –
>
> (A)  the character, amount, or legal status of any debt.
>
> (8)  Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), e(8), and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

### a.      Plaintiff Cannot Provide any Evidence the Account is a Debt

In order to prevail on an FDCPA claim, Plaintiff must establish three (3) requirements: (i) the plaintiff who has been the target of collection activity must be a "consumer" as defined under 15 U.S.C. §1692a(3); (ii) the defendant collecting the debt must be a "debt collector" as defined in 15 U.S.C. §1692a(6); and (iii) the defendant must have engaged in any act or omission in violation of the FDCPA. Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803, 805 (E.D. Va. 1998); see also, Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 234 (3rd Cir. 2005)(To find a violation of the FDCPA a Plaintiff must prove that a debt collector's efforts to collect a debt from a consumer violated some provision of the FDCPA).

Plaintiff is unable to prove he is a "consumer" as defined in 15 U.S.C. 1692a(3). Consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." See, 15 U.S.C. 1692a(3).  Debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." See, 15 U.S.C. 1692a(5).  The CFDCPA is patterned on the FDCPA and federal case law is persuasive guidance

for the CFDCPA.  See, <u>Flood v. Mercantile Adjusmtnet Bureau, LLC</u>, 176 P.3d 769, 772 (Colo. 2008).

In this case, Plaintiff can provide no evidence that the account in question was a debt.  It is Plaintiff's burden to meet the three prong test discussed above.  Plaintiff cannot meet this burden as Plaintiff himself has no idea what the delinquent account stems from.  SOF ¶8.  In Plaintiff's deposition he acknowledged having no knowledge of the delinquent account and what the purchases were for.

**Q.**      Have you ever had a credit card that was issued through either Washington Mutual or Chase Bank?

**A.**      I don't recall.

**Q.**      Have you ever received statements regarding a credit card issued through either Washington Mutual or Chase Bank?

**A.**      From them or in discovery?

**Q.**      From them.

**A.**      Not that I recall.

<u>See</u>, Transcript of Plaintiff's Deposition, pgs. 25-26, lines 21-5, attached hereto as **Exhibit C**.

**Q.**      And you don't recall anything about this credit card?

**A.**      No.

**Q.**      You can't tell me one thing that was purchased with this credit card?

**A.**      No.

<u>See</u>, Transcript of Plaintiff's Deposition, pg. 31, lines 14-19, attached hereto as **Exhibit C**.

**Q.**      You have no idea what's been purchased on that Chase account to get to that number that they say is owed, correct?

**A.**      Correct.

<u>See</u>, Transcript of Plaintiff's Deposition, pgs. 81-82, lines 23-1, attached hereto as **Exhibit C**.

Plaintiff's inability to remember or know any details surrounding the Account make it

impossible for him to claim Defendants violated the FDCPA, as he cannot identify whether the account was a debt as defined in the FDCPA.

Similarly, Plaintiff's inability to know anything about the Account makes it impossible for him to testify to the amount owed, the interest rate, or the legal status of the Account. Plaintiff's entire premise of his case is that the Account is not his.   SOF, ¶8.   Plaintiff's allegations that the character, amount or legal status is incorrect cannot be proven as Plaintiff's argument is that it is not his Account.   As stated above, Defendants investigated and verified the Account seven times over two years in response to Plaintiff's disputes.   SOF ¶¶10-16.   Plaintiff can provide no evidence that the information verified by Defendants is incorrect other than his dissatisfaction with the results.

Plaintiff's disbelief that an investigation was completed by Defendants and the Account validated is not evidence.   Plaintiff can provide nothing that shows the information provided by Defendants to the credit bureaus was false.   Plaintiff cannot testify as to the amount, the interest rate, or the purchases.   Defendant conducted seven different investigations verifying the debt. As such, Plaintiff cannot show that Defendants violated §§1692 e(2)(A), e(8), e(10), or f(1) of the FDCPA, or C.R.S. 12-14-109(2).

**b.**      **Plaintiff Cannot Provide Any Evidence Encore and MF are Debt Collectors**

In addition to Plaintiff being unable to provide any supporting facts that the Account is a debt, Plaintiff cannot provide any facts that Encore and MF are debt collectors.

**Q.**      Do you have any information – because you said upon information and belief – identifying Midland Funding as a debt collector?

**A.**      I don't have any.

**Q.**      Paragraph 8 calls Encore – you've abbreviated it ECG – as a debt collector?

**A.**      Yes.

**Q.**      That was upon information and belief, correct.

**A.**      Uh-huh.

**Q.**      Is that a yes?

**A.**      Yes.

**Q.**      Do you have any information now, sitting here today, that identified Encore as a debt collector?

**A.**      No.

<u>See</u>, Transcript of Plaintiff's Deposition, pg. 77, lines 7-23, attached hereto as **Exhibit C**.

Plaintiff cannot provide any facts or evidence to show Encore and MF are debt collectors. <u>See</u> e.g., <u>Cook v. Hamrick</u>, 278 F. Supp. 2d 1202, 1205 (D. Colo. 2003)(finding that the plaintiff failed to establish that the defendant was a "debt collector" under the FDCPA because the plaintiff "offers no factual basis to conclude that [defendant] regularly represents creditors in consumer or any other debt collection activities."). As such, any FDCPA or CFDCPA claims against Encore and MF must be dismissed.

<u>**CONCLUSION AND RELIEF REQUESTED**</u>

For all of the above reasons, Defendant Asset respectfully requests that this court dismiss Plaintiff's Amended Complaint with prejudice.

DATED this 7th day of June, 2013.

         Respectfully submitted,

         Adam L. Plotkin, P.C.

         /s/ Joseph J. Lico

By:     _____

         Joseph J. Lico, Esq.
         621 Seventeenth Avenue, Suite 1800
         Denver, Colorado 802933
         Telephone: (303) 302-6864
         FAX: (303) 302-6864
         jlico@alp-pc.com
         Attorneys for Defendant

## <u>Certificate of Service</u>

I hereby certify that on June 7, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:


Wade A. Williams
13843 Fairfax Street
Thornton, Co 80602
credit@thesharkroom.com


By:      /s/ Joseph J. Lico_____
         Joseph J. Lico, Esq.
